# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **HOMER H. SEXTON,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:03CV00124 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | By: James P. Jones |
| **COMMISSIONER OF** | ) | Chief United States District Judge |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | | |

In this social security case, I affirm the final decision of the Commissioner.

### I. Background.

Homer H. Sexton filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claims for a period of disability and disability insurance benefits ("DIB") under title II of the Social Security Act, 42 U.S.C.A. §§ 401-433 (West 2003 and Supp. 2004) ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C.A. § 405(g).

My review is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial evidence exists, this court's "inquiry must terminate," and the final decision of the Commissioner

must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Id.*

Sexton applied for benefits on November 5, 2001, alleging disability since December 28, 2000, and received a hearing before an administrative law judge ("ALJ") on November 7, 2002. By decision dated November 22, 2002, the ALJ found that the plaintiff was not disabled within the meaning of the Act. The Social Security Administration's Appeals Council denied review, and the ALJ's opinion constitutes the final decision of the Commissioner.

The parties have briefed the issues, and the case is ripe for decision.

## II. Facts.

Sexton was forty years old at the time of the ALJ's unfavorable decision, making him a "younger-aged individual." Sexton received eight years of formal education and functions at a limited educational level. He has worked as a logger and a tree cutter. Sexton claims disability due to a closed head injury that occurred on December 28, 2000, which allegedly caused disabling pain, epidoral and subdural hematomas, headaches, dizziness, and adjustment disorder with anxious mood. The

plaintiff has not engaged in substantial gainful activity since December 28, 2000, the alleged onset date of disability.

In rendering his decision, the ALJ reviewed medical records relating to Sextons' treatment by Todd Cassell, M.D.; Holston Valley Medical Center; Ken Smith, M.D.; Kristie Nies, Ph.D.; Greg Absher, LPTA; Christopher Pendola, M.D.; Blue Ridge Neuroscience Center; Clinch River Health Services; Clinch River Pharmacy; as well as State Agency physicians.

Based upon the evidence, the ALJ determined that the plaintiff is unable to return to his past relevant work, but has the residual functional capacity to perform light work, as defined in the regulations. Based upon the testimony of a vocational expert ("VE"), the ALJ found that there existed a significant number of jobs in the national economy that the plaintiff could perform.

*III. Analysis.*

The plaintiff contends that there is not substantial evidence to support the ALJ's finding that he is capable of performing light work. Specifically, the plaintiff argues: (1) that the ALJ erred when he failed to give great weight to the findings of his treating and examining sources; (2) that not enough weight was given to the fact that he is currently receiving workers' compensation benefits; and (3) that not enough

- 3 -

weight was given to the findings of the non-treating and non-examining sources. Secondly, the plaintiff argues that his case should be remanded for further review due to the introduction of new evidence. For the following reasons, I disagree.

*A*

The plaintiff first argues that the ALJ failed to give great weight to the findings of his treating and examining sources, and failed to give sufficient weight to the fact that he is receiving workers' compensation. (Pl.'s Br. at 6.) The plaintiff further argues that the ALJ erred by not relying more on the evidence of the non-treating and not examining sources. (Pl.'s Br. at 10.)

The ALJ has the duty to evaluate the medical evidence and determine what weight if any should be afforded to that evidence. *See* 20 C.F.R. §§ 404.1527, 416.927 (2004). If the evidence is inconsistent or not supported by the other evidence, the ALJ is entitled to give that evidence less weight in his decision. *See* §§ 404.1527 (d)(3)-(4), 416.927(d)(3)-(4). In addition, the ALJ's determination will not be disturbed absent a showing of "specious inconsistencies," *Scivally v. Sullivan*, 966 F.2d 1070, 1076-77 (7th Cir. 1992), or failure to give good reason for the weight afforded a particular opinion. *See* 20 C.F.R. § 404.1527(d).

- 4 -

The regulations provide that a treating source's opinion on the nature and severity of impairments will be given controlling weight. *See* 20 C.F.R § 404.1527(d)(2). However, the ALJ must determine if the opinion of the physician is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, and therefore entitled [to] controlling weight." *Pittman v. Massanari*, 141 F. Supp. 2d. 601, 608 (D. N.C. 2001). "[B]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). Therefore, circuit precedent does not require that a treating physician's testimony "be given controlling weight." *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992).

In this case, the plaintiff asserts that the ALJ did not give great weight to the opinion of his treating and examining sources, Drs. Smith, Nies, and Pendola. For the following reasons, I disagree. As for Dr. Smith, the ALJ determined that his opinion is inconsistent with the record. The ALJ based this determination on Dr. Smith's own findings and the other medical evidence. The ALJ noted that Dr. Smith reported "entirely normal neurological examinations" and a functional capacity evaluation in April 2001 found the plaintiff capable of performing heavy exertion. (R. at 19.) The

- 5 -

ALJ additionally noted that the plaintiff's headaches and seizures are under excellent control and the only restrictions are on driving, swimming, bathing alone, operating dangerous equipment, and climbing. ( *Id.*) Despite these findings, Dr. Smith opined that the plaintiff was not capable of working. (*Id.*) In addition, the plaintiff reported playing cards for six hours a day, handling wood for the fire place, feeding his dog, and mowing his grass with a riding mower. He also reported that he needed no assistance with shopping, grooming, or bathing. (R. 104-08.) Therefore, Dr. Smith's opinion is both inconsistent with the other evidence and internally inconsistent, thus making the ALJ's rejection of his conclusion appropriate.

Second, the plaintiff asserts that the ALJ failed to give great weight to the opinion of Dr. Nies. The plaintiff infers that Dr. Nies' finding that "the combination of residual brain dysfunction, headaches, and dizziness, appears to preclude return to [the plaintiff's] previous duties," is consistent with a finding of disability. (Pl.'s Br. at 7 (quoting R. at 211).) This inference is misplaced because Dr. Nies, in the same paragraph, stated that the plaintiff "would likely be able to return to a less hazardous position if one is available." ( R. at 211.)

The plaintiff additionally contends that the ALJ failed to give weight to the evidence of his limitations of dominant and non-dominant hand tribulations. (Pl.'s Br. at 8.) Dr. Nies addressed the plaintiff's dominant and non-dominant hand

- 6 -

tribulations in regard to the plaintiff's inability to return to past work, which was not indicative of any further limitations to perform other types of work. The ALJ determined that "while Dr. Nies indicates some impairment particularly in tasks of a complex nature, psychological evaluations . . . as well as other testing by Dr. Nies indicate the claimant retains the capacity to perform simple, unskilled, low stress jobs." (R. at 19.) Therefore, the finding of the ALJ that the plaintiff is not disabled, but unable to return to past work, is not inconsistent with the findings of Dr. Nies. The ALJ gave appropriate weight to the findings of Dr. Nies.

As for Dr. Pendola, his assessment noted post-traumatic epilepsy, and post-traumatic headaches, but it did not state that the plaintiff was incapable of performing any jobs. Therefore, the ALJ's determination is consistent with that of Dr. Pendola, and the ALJ has appropriately given weight to the opinions of the plaintiff's treating and examining sources.

In addition to allegations based on the weight given to treating sources, the plaintiff alleges that the ALJ failed to give weight to the findings of the non-treating, non-examining sources. (Pl.'s Br. at 11.) The plaintiff asserts that two Mental Residual Functional Capacity ("MRFC") assessments show that he has an inability to maintain attention, carry out detailed instructions, and complete a normal work week without interruption. (*Id.*) However, the MRFC assessments only limit the

- 7 -

plaintiff's ability to perform tasks that require detailed instructions. (R. at 281-83, 312-14.) This evidence was available to the ALJ and was considered in his decision. The ALJ questioned the VE, Dr. Hankins, about the availability of jobs that the plaintiff could perform (R. at 48-49), and these questions included the following restrictions: limited education, restriction to light work, no exposure to unprotected heights or dangerous machinery, and limitations to simple, unskilled jobs of low stress. (R. at 49.) These restrictions are the same as those found in the MRFC assessments, and the VE determined that there were jobs in the national economy which the plaintiff can perform. Therefore, the findings of the ALJ are consistent with the evidence that is contained in the MRFC assessments, and the ALJ appropriately considered the plaintiff's non-treating sources.

While the plaintiff contends that the reception of workers' compensation benefits should have been given more weight, the ALJ is not bound by the determination of disability by another government agency. As stated in 20 C.F.R. § 404.1504, "a determination made by another agency that you are disabled . . . is not binding on us." In addition, the plaintiff failed to provide documentary evidence of the government agency's determination that the plaintiff is in fact disabled.

*B*

The plaintiff's second argument is that his case should be remanded for further review due to the introduction of new evidence. The new evidence consists of findings from Dr. Pendola.

A district court may remand a social security case on the basis of newly discovered evidence, a "sentence six" remand, when the plaintiff satisfies four prerequisites. 42 U.S.C.A. § 405(g) (2003 & West Supp. 2004); *Borders v. Heckler*, 777 F.2d 954, 955 (4th Cir. 1985). First, the evidence must be "new." *Borders*, 777 F.2d at 955 (holding "new" evidence is "'relevant to the determination of disability at the time the application was first filed and not merely cumulative'" (quoting *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983))). Second, it must be material. *Id*. Third, there must be good cause for the "failure to submit the evidence when the claim was before the Secretary." *Id*. Fourth, the claimant must make "'at least a general showing of the nature' of the new evidence." *Id*. (quoting *King v. Califano*, 599 F.2d 597, 599 (4th Cir.1979)).

The evidence from Dr. Pendola shows that the plaintiff was treated by him on December 20, 2002, and that he recommended that the plaintiff receive botox injections, and restricted the plaintiff from climbing or operating dangerous machinery on a permanent basis due to epilepsy and cognitive dysfunction. (Pl.'s Br.

Case 2:03-cv-00124-JPJ-PMS   Document 8-1   Filed 06/03/05   Page 9 of 10   Pageid#: 46

at 10.) The plaintiff's contention that this evidence is new and material is unwarranted by the facts. Indeed, the evidence is merely cumulative of past evidence entered by other doctors. As stated in the ALJ's findings, the plaintiff is restricted from work at "unprotected heights and [with] dangerous machinery." (R. at 365.) Thus, this evidence would not change the ALJ's determination and is immaterial to the case.

## IV. Conclusion.

For the foregoing reasons, the Commissioner's motion for summary judgment will be granted.

An appropriate final judgment will be entered.

DATED: June 3, 2005

 /s/ JAMES P. JONES
Chief United States District Judge

Case 2:03-cv-00124-JPJ-PMS   Document 8-1   Filed 06/03/05   Page 10 of 10   Pageid#: 47